(120 App. Div. 367)

McDONALD et al. v. McDONALD.

(Supreme Court, Appellate Division, First Department. June 28, 1907.)

PARTIES—BRINGING IN NEW DEFENDANTS—DUTY OF COURT.

Under Code Civ. Proc. § 452, providing that, where a complete determination of a controversy cannot be had without the presence of other parties, the court must direct them to be brought in, it was error to deny a motion to bring in as a defendant one without whom the controversy cannot be determined with any practical results to plaintiffs, where their motion was made after service of summons, complaint, and answer, but before the time for the amendment of the complaint had expired.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Parties, §§ 83, 84.]

Appeal from Special Term.

Action by Edward P. McDonald and others against R. Augusta McDonald. Plaintiffs appeal from an order denying their motion to add the name of Henry S. Kearney as a party defendant. Reversed, and motion granted.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, LAMBERT, and HOUGHTON, JJ.

Edward M. Shepard, for appellants.

John M. Bowers, for respondent.

LAMBERT, J. The motion here under consideration was made after the service of the summons and complaint, and after the service of the answer, but before the time for the amendment of the complaint had expired. The facts set forth in the answer of the defendant clearly show that Henry S. Kearney is a proper and necessary party defendant. It is there alleged that he was a copartner of the defendant's husband, and that the property involved in the litigation belonged to the copartnership, and that it had been dealt with in accordance with the partnership agreement; Mr. Kearney having realized a considerable profit from the transaction. On the face of the transaction John E. McDonald was the actual owner of the property, and the plaintiffs, his heirs at law, have a right to bring in Mr. Kearney and to have it determined whether he has a right to profits, aggregating over $20,000, which resulted from a sale of this property. This controversy cannot be determined with any practical results to the plaintiffs without the presence of Mr. Kearney, and under such circumstances it is made the duty of the court to direct him to be brought in. Section 452, Code Civ. Proc.; Holly v. Gibbons, 176 N. Y. 520, 530, 68 N. E. 889, 98 Am. St. Rep. 694.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.